UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 08-20383-CIV-COOKE/BANDSTRA

FACTOR GROUP, LLC.,

    *Plaintiff*,

v.

AYOTTE TRAILER RENTALS, INC., *et al.*,

    *Defendants.*

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL FINAL SUMMARYJUDGMENT AS TO COUNT II

This matter is before me on Plaintiff's Motion for Partial Final Summary Judgment as to Count II of the Second Amended Complaint against Giannina Ayotte a/k/a Jeanine Ayotte [D.E. 180] and Defendant Giannina Ayotte''s response [D.E. 198]. For the reasons set forth below, I am granting Plaintiff's motion.

**Background**

Plaintiff Factor Group LLC ("Factor Group") is a limited liability company in the factoring business. Factor Group purchases "Accounts" from businesses with whom it has formed a contractual relationship. Factor Group then awaits payment on those Accounts from the businesses' customers. Factor Group and Ayotte Trailer Rentals, Inc. d/b/a Ayotte Distribution ("Ayotte Distribution") entered into a Factoring and Security Agreement and Contract for Credit and Collection Services (the "Factoring Agreement") on September 11, 2007. Pursuant to the Factoring Agreement, Factor Group purchased Accounts from Ayotte Distribution, which gave Factor Group the right to all payments and other proceeds from those Accounts.

Ayotte Distribution agreed to indemnify and protect Factor Group "against liability, loss, or expense caused by or arising out of any dispute concerning a Purchased Account..." in Section 10.4 of the Factoring Agreement. Defendant Jeanine Ayotte ("Ayotte") also personally guaranteed "the payment and collectability of all Obligations and indebtedness of Seller to Factor arising under the Factoring Agreement or the assignment of accounts..." in a separate Guaranty and Subordination and Security Agreement ("Guaranty Agreement") executed on September 11, 2007. Factor Group has been unable to collect on outstanding and unpaid invoices totaling $1,886,163.20. The customers with unpaid accounts informed Factor Group that they refused to pay for the goods because they were subject to dispute, or because they were sold on a consignment basis. Ayotte Distribution and Jeanine Ayotte have not responded to Factor Group's demand for repurchase of the outstanding and unpaid accounts.

**Legal Standard**

Summary judgement is appropriate when the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave.,* 363 F.3d 1099, 1101 (11th Cir. 2004). The district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *Id.* The district court must ensure that the motion is supported by evidentiary materials, but it need not sua sponte review all of the evidentiary materials on file at the time the motion is granted. *Id.* The district court's order granting summary judgment must indicate that the merits of the motion were addressed. *Id.* at 1102.

**Analysis**

Factor Group seeks summary judgment against Jeanine Ayotte for breach of the Guaranty

Agreement. Factor Group argues that its Statement of Facts indisputably shows that Ayotte Distribution breached the Factoring Agreement by selling disputed Accounts to Factor Group. This court, moreover, has previously granted a default judgment against Ayotte Distribution based on the disputed accounts. [*See* D.E. 216]. Plaintiff contends that Jeanine Ayotte, pursuant to the Guaranty Agreement, is personally liable for the payment of Ayotte Distribution's obligations to Factor Group. Jeanine Ayotte, in her Response to Plaintiff's Motion for Partial Summary Judgment, states succinctly that "Plaintiff's motion cannot be opposed in good faith." [D.E. 198]. She also does not dispute any of the factual allegations contained in Plaintiff's Statement of Facts.

Given the Factoring Agreement and the default judgment against Ayotte Distribution, there is no dispute that Ayotte Distribution owes Factor Group for the outstanding and unpaid invoices totaling $1,886,163.20. I find that Jeanine Ayotte is liable to Factor Group for this amount, pursuant to the Guaranty Agreement. Accordingly, Plaintiff's Motion for Partial Final Summary Judgment as to Count II of the Second Amended Complaint against Giannina Ayotte a/k/a Jeanine Ayotte [D.E. 180] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of August 2009.

_____
MARCIA G. COOKE
United States District Judge

cc:
The Honorable Ted E. Bandstra

All counsel of record

Mr. John Stach a/k/a John Von Stach, 309 Fifth Line East, Sault Ste Marie, Ontario, Canada P6A-5K8

Ms. Giannina Ayotte a/k/a Jeanine Ayotte, 86 Palomino Dr., Sault Ste Marie, Ontario Canada P6A-6K4